UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| NSPIRE SPORTS LEAGUE, LLC, | |
| Plaintiff, | |
| v. | Civ. No. 1:16-cv-00232-CMH-TCB |
| IFBB PROFESSIONAL LEAGUE, *et al.*, | |
| Defendants. | |

**DEFENDANT IFBB PROFESSIONAL LEAGUE'S
ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant IFBB Professional League ("IFBB Pro"), by and through its under-signed attorneys, hereby files its Answer and Defenses to Plaintiff's First Amended Complaint.

1.     In response to the allegations in Paragraph 1, IFBB Pro states that the term "IFBB Family" has been used to describe the IFBB amateur federation, which is comprised of IFBB International, IFBB International's executive committee, IFBB International's affiliated continental, regional, and national federations, and IFBB International's athletes, judges, officials, promoters, and supporters. The remaining contentions of Paragraph 1 are legal conclusions as to which no response is required. To the extent that a response is required and not specifically admitted herein, IFBB Pro denies the remaining allegations of Paragraph 1.

2.     The allegations of Paragraph 2 constitute legal contentions and/or conclusions as to which no response is required. To the extent that a response is required, IFBB Pro denies the allegations of Paragraph 2.

3.     The allegations of Paragraph 3 constitute legal contentions and/or conclusions as to which no response is required. To the extent that a response is required, IFBB Pro denies the allegations of Paragraph 3.

4.     In response to the allegations of Paragraph 4, IFBB Pro admits that Plaintiff purports to selectively quote IFBB International's written Constitution, which document speaks for itself. The remaining allegations of Paragraph 4 constitute legal contentions and/or conclusions as to which no response is required. To the extent that a response is required, IFBB Pro denies the remaining allegations of Paragraph 4.

5.     The allegations of Paragraph 5 constitute legal contentions and/or conclusions as to which no response is required. To the extent that a response is required, IFBB Pro denies the allegations of Paragraph 5.

6.     The allegations of Paragraph 6 constitute legal contentions and/or conclusions as to which no response is required. To the extent that a response is required, IFBB Pro denies the allegations of Paragraph 6.

7.     In response to the allegations of Paragraph 7, IFBB Pro admits that Plaintiff has brought this action. IFBB Pro denies that Plaintiff is entitled to any relief in this action. The remaining allegations of Paragraph 7 constitute legal con-

tentions and/or conclusions as to which no response is required. To the extent that a response is required, IFBB Pro denies the remaining allegations of Paragraph 7.

8.      IFBB Pro lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 and therefore denies them.

9.      IFBB Pro lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 and therefore denies them.

10.     In response to the allegations of Paragraph 10, IFBB Pro admits that it is a nonprofit corporation incorporated under the laws of Canada. IFBB Pro denies the remaining allegations of Paragraph 10.

11.     In response to the allegations of Paragraph 11, IFBB Pro admits that NPC is a nonprofit Ohio corporation with its principal place of business at 212 9th Street, Suite 500, Pittsburgh, Pennsylvania 15222. IFBB Pro otherwise denies the allegations of Paragraph 11.

12.     The allegations of Paragraph 12 constitute legal contentions and/or conclusions as to which no response is required. To the extent that a response is required, IFBB Pro states that it does not contest subject matter jurisdiction in this Court but denies that Plaintiff has brought an action that properly arises under the Sherman Act or any other law. IFBB Pro denies the remaining allegations of Paragraph 12.

13.     IFBB Pro lacks knowledge or information sufficient to form a belief as to the truth of the allegation that NPC appoints a District Chairperson for Virginia, and therefore denies that allegation. The remaining allegations of Paragraph 13

constitute legal contentions and/or conclusions as to which no response is required. To the extent that a response is required, IFBB Pro denies the remaining allegations of Paragraph 13.

14.     In response to the allegations of Paragraph 14, IFBB Pro admits that Plaintiff purports to selectively reference statements on IFBB International's website and in IFBB International's written Constitution, which sources speak for themselves. IFBB Pro lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the fourth sentence of Paragraph 14, and therefore denies them. The remaining contentions are legal conclusions as to which no response is required. To the extent that a response is required, IFBB Pro denies the remaining allegations of Paragraph 14.

15.     IFBB Pro does not contest that the Court may exercise personal jurisdiction over IFBB Pro in this action. The remaining allegations of Paragraph 15 constitute legal contentions and/or conclusions as to which no response is required. To the extent that a response is required, IFBB Pro denies the remaining allegations of Paragraph 15.

16.     IFBB Pro does not contest that venue is proper in this action. The remaining allegations of Paragraph 16 constitute legal contentions and/or conclusions as to which no response is required. To the extent that a response is required, IFBB Pro denies the remaining allegations of Paragraph 16.

17.     In response to the allegations of Paragraph 17, IFBB Pro admits that a film titled *Pumping Iron*, starring Arnold Schwarzenegger, was released in 1977.

IFBB Pro lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies them.

18. In response to the allegations of Paragraph 18, IFBB Pro admits that competitive bodybuilding is a popular sport that attracts numerous athletes in the United States. Many types of businesses cater to, among other consumers, individuals involved in competitive bodybuilding, including health clubs, training facilities, and other businesses. To the extent not specifically admitted herein, IFBB Pro denies the remaining allegations of Paragraph 18.

19. In response to the allegations of Paragraph 19, IFBB Pro admits that IFBB Pro was incorporated as a separate legal entity in 2005 and that IFBB Pro sanctions professional bodybuilding contests in the United States and abroad. IFBB Pro further admits that Plaintiff purports to depict a chart from IFBB Pro's website, which document speaks for itself. IFBB Pro further admits that Plaintiff purports to selectively quote excerpts from IFBB International's website and written Constitution, which documents speak for themselves, and that Plaintiff purports to selectively quote from a pleading or other filing by NPC in the United States District Court for the Western District of Pennsylvania without identifying that pleading or filing, which documents speak for themselves. To the extent not specifically admitted, IFBB Pro denies the remaining allegations of Paragraph 19.

20. IFBB Pro lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 and therefore denies them.

21.     The allegations of Paragraph 21 constitute legal contentions and/or conclusions as to which no response is required. To the extent that a response is required, IFBB Pro denies the allegations of Paragraph 21.

22.     The allegations of Paragraph 22 constitute legal contentions and/or conclusions as to which no response is required. To the extent that a response is required, IFBB Pro denies the allegations of Paragraph 22.

23.     In response to the allegations of Paragraph 23, IFBB Pro states that only professional contests offer prize money to athletes, and only professional athletes are eligible to participate in professional bodybuilding contests. IFBB Pro further states that event promoters provide only professional athletes with a *per diem* and reimbursement of travel costs. The remaining allegations of Paragraph 23 constitute legal contentions and/or conclusions as to which no response is required. To the extent that a response is required, and not specifically admitted herein, IFBB Pro denies the remaining allegations of Paragraph 23.

24.     The allegations of Paragraph 24 constitute legal contentions and/or conclusions as to which no response is required. To the extent that a response is required, IFBB Pro denies the allegations of Paragraph 24.

25.     The allegations of Paragraph 25 constitute legal contentions and/or conclusions as to which no response is required. To the extent that a response is required, and not specifically admitted herein, IFBB Pro denies the allegations of Paragraph 25.

26.     In response to the allegations of Paragraph 26, IFBB Pro admits that Plaintiff purports to reference comments by Rick Wayne concerning bodybuilding contests, without identifying the source of the comments. The remaining allegations of Paragraph 26 relate to legal contentions and/or putative economic theories about "substitutability" as to which no response is required. To the extent that a response is required, and not specifically admitted herein, IFBB Pro denies the remaining allegations of Paragraph 26.

27.     The allegations of Paragraph 27 reflect statements of purported economic theory to which no response is required. To the extent that a response is required, IFBB Pro denies the allegations of Paragraph 27.

28.     The allegations of Paragraph 28 constitute legal contentions and/or statements of purported economic theory to which no response is required. To the extent that a response is required, IFBB Pro denies the allegations of Paragraph 28.

29.     IFBB Pro denies the allegations of Paragraph 29.

30.     IFBB Pro denies the allegations of Paragraph 30.

31.     In response to the allegations of Paragraph 31, IFBB Pro states that the Mr. America competition was open to amateur athletes. IFBB Pro lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Bob Hoffman's state of mind. IFBB Pro denies the remaining allegations of Paragraph 31.

32.     In response to the allegations of Paragraph 32, IFBB Pro admits that Ben and Joe Weider founded IFBB International and that Plaintiff purports to se-

lectively quote Rick Wayne's statements from an unidentified publication. IFBB Pro lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Rick Wayne's alleged statements and Joe Weider's state of mind, and therefore denies those allegations. IFBB Pro denies the remaining allegations of Paragraph 32.

33.     In response to the allegations of Paragraph 33, IFBB Pro admits that Plaintiff purports to selectively quote excerpts from IFBB Pro's website, which speaks for itself. IFBB Pro denies the remaining allegations of Paragraph 33.

34.     In response to the allegations of Paragraph 34, IFBB Pro states that Oscar State was General Secretary of the International Weightlifting Federation from 1960 to 1976, and that IFBB International was recognized by the General Association of International Sports Federations in 1969. IFBB Pro denies the remaining allegations of Paragraph 34.

35.     IFBB Pro denies the allegations of Paragraph 35.

36.     In response to the allegations of Paragraph 36, IFBB Pro admits that Plaintiff purports to selectively quote Randy Roach, without citing the source of the purported quotation. IFBB Pro denies the remaining allegations of Paragraph 36.

37.     In response to the allegations of Paragraph 37, IFBB Pro admits that the Olympic and Amateur Sports Act was enacted in 1978 and later named the Ted Stevens Olympic and Amateur Sports Act, which statute speaks for itself. IFBB Pro further admits that Plaintiff purports to selectively quote Randy Roach, without cit-

ing the source of the purported quotation. IFBB Pro denies the remaining allegations of Paragraph 37.

38.     In response to the allegations of Paragraph 38, IFBB Pro admits that, by approximately 1977, the AAU National Weightlifting Committee had formed separate committees for weightlifting, powerlifting, and bodybuilding. IFBB Pro further admits that Jim Manion was elected Chairman of the AAU National Physique Committee in approximately 1977. IFBB Pro denies the remaining allegations of Paragraph 38.

39.     In response to the allegations of Paragraph 39, IFBB Pro admits that Jim Manion is a retired bodybuilder and that NPC was incorporated under Ohio law in March 1978. IFBB Pro further admits that Plaintiff purports to selectively quote excerpts from the publication *Muscle, Smoke & Mirrors*, which document speaks for itself. IFBB Pro denies the remaining allegations of Paragraph 39.

40.     In response to the allegations of Paragraph 40, IFBB Pro admits that Plaintiff purports to selectively quote excerpts from the publication *Muscle, Smoke & Mirrors*, which document speaks for itself. To the extent that a response is required, IFBB Pro denies the remaining allegations of Paragraph 40.

41.     In response to the allegations of Paragraph 41, IFBB Pro admits that the AAU Corporation became "National Physique Committee of the U.S.A., Inc." IFBB Pro denies the remaining allegations of Paragraph 41.

42.     In response to the allegations of Paragraph 42, IFBB Pro admits that the AAU filed an antitrust suit against NPC in 1982, the record of which speaks for itself. IFBB Pro denies the remaining allegations of Paragraph 42.

43.     In response to the allegations of Paragraph 43, IFBB Pro admits that Plaintiff purports to selectively quote excerpts from a preliminary injunction order involving the AAU and NPC, which document speaks for itself. IFBB Pro denies the remaining allegations of Paragraph 43.

44.     In response to the allegations of Paragraph 44, IFBB Pro admits that Plaintiff purports to selectively quote excerpts from a stipulated judgment, which document speaks for itself, and statements by Bob Cicherillo during a February 2016 podcast, which speak for themselves. IFBB Pro denies the remaining allegations of Paragraph 44.

45.     IFBB Pro denies the allegations of Paragraph 45.

46.     IFBB Pro denies the allegations of Paragraph 46.

47.     IFBB Pro denies the allegations of Paragraph 47.

48.     In response to the allegations of Paragraph 48, IFBB Pro states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Mr. McMahon's activities prior to the 1990 Mr. Olympia competition, and therefore denies them. IFBB Pro denies the remaining allegations of Paragraph 48.

49.     In response to the allegations of Paragraph 49, IFBB Pro admits that Plaintiff purports to quote statements by Tom Platz during the 1990 Mr. Olympia

contest. IFBB Pro lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore deny them.

50.    IFBB Pro denies the allegations of Paragraph 50.

51.    In response to the allegations of Paragraph 51, IFBB Pro admits that the scenery on stage at a May 18, 1991 bodybuilding contest sanctioned by IFBB International included tombstones. IFBB Pro denies the remaining allegations of Paragraph 51.

52.    In response to the allegations of Paragraph 52, IFBB Pro admits that Plaintiff purports to selectively quote excerpts from an article entitled "The Definitive History of the WBF," which document speaks for itself. IFBB Pro lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the television show "American Muscle," and therefore denies them. IFBB Pro denies the remaining allegations of Paragraph 52.

53.    In response to the allegations of Paragraph 53, IFBB Pro admits that Plaintiff purports to selectively quote excerpts from an article entitled "The Definitive History of the WBF," which document speaks for itself. IFBB Pro denies the remaining allegations of Paragraph 53.

54.    In response to the allegations of Paragraph 54, IFBB Pro admits that Plaintiff purports to selectively quote excerpts from a *New York Times* article entitled "There's gold in pumping iron," which document speaks for itself. IFBB Pro denies the remaining allegations of Paragraph 54.

55.     In response to the allegations of Paragraph 55, IFBB Pro states that it currently charges annual membership fees of $200 and sanctioning fees that vary by event. IFBB Pro further states that NPC collects membership fees of $125 per athlete. IFBB Pro denies the remaining allegations of Paragraph 55.

56.     IFBB Pro denies the allegations of Paragraph 56.

57.     In response to the allegations in Paragraph 57, IFBB Pro admits that Jim Manion is the President of IFBB Pro, the President of NPC, and the Vice President for North America for IFBB International. IFBB Pro further admits that Plaintiff purports to selectively quote a web biography of Jim Manion, which document speaks for itself, and that Plaintiff purports to selectively paraphrase purported statements by Jim Manion during a November 12, 2007 radio program. IFBB Pro denies the remaining allegations of Paragraph 57.

58.     IFBB Pro denies the allegations of Paragraph 58.

59.     In response to the allegations in Paragraph 59, IFBB Pro admits that Plaintiff purports to reference comments in a *New York Times* article entitled "There's gold in pumping iron," which document speaks for itself. IFBB Pro denies the remaining allegations of Paragraph 59.

60.     In response to the allegations of Paragraph 60, IFBB Pro states that NPC promotes approximately 300 events annually, and at least some of these events are successful and popular. IFBB Pro further states that numerous other bodybuilding organizations promote competitions throughout the United States. IFBB Pro denies the remaining allegations of Paragraph 60.

61.     The allegations of Paragraph 61 constitute legal contentions and/or conclusions as to which no response is required. To the extent that a response is required, IFBB Pro denies the allegations of Paragraph 61.

62.     In response to the allegations of Paragraph 62, IFBB Pro admits that IFBB Pro and NPC are legally separate entities, and that Plaintiff purports to selectively quote excerpts from the 2009 edition of the IFBB Pro Rules and a 2013 IFBB Pro notice, which documents speak for themselves. IFBB Pro lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the last sentence of Paragraph 62 and therefore denies them. IFBB Pro denies the remaining allegations of Paragraph 62.

63.     In response to the allegations of Paragraph 63, IFBB Pro admits that Plaintiff purports to selectively quote excerpts from IFBB International's written Constitution, which document speaks for itself. IFBB Pro denies the remaining allegations of Paragraph 63.

64.     In response to the allegations of Paragraph 64, IFBB Pro admits that Plaintiff purports to selectively quote excerpts from IFBB International's written Constitution and a September 9, 2015 IFBB Legal Commission notice, which documents speak for themselves. IFBB Pro further admits that Plaintiff purports to quote from unidentified NPC letters. IFBB Pro denies the remaining allegations of Paragraph 64.

65.     The allegations of Paragraph 65 constitute legal contentions and/or conclusions as to which no response is required. To the extent that a response is required, IFBB Pro denies the allegations of Paragraph 65.

66.     In response to the allegations of Paragraph 66, IFBB Pro admits that Plaintiff purports to selectively quote statements by Jim Manion during a November 12, 2007 radio program. The remaining contentions constitute legal contentions and/or conclusions as to which no response is required. To the extent that a response is required, IFBB Pro denies the remaining allegations of Paragraph 66.

67.     The allegations of Paragraph 67 constitute legal contentions and/or conclusions as to which no response is required. To the extent that a response is required, IFBB Pro denies the allegations of Paragraph 67.

68.     The allegations of Paragraph 68 constitute legal contentions and/or conclusions as to which no response is required. To the extent that a response is required, IFBB Pro denies the allegations of Paragraph 68.

69.     In response to Paragraph 69, IFBB Pro admits that Plaintiff purports to reference a written preliminary injunction and stipulated order entered by the Eastern District of Tennessee in 1982, which documents speak for themselves. IFBB Pro denies the remaining allegations of Paragraph 69.

70.     IFBB Pro lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning a 2013 complaint filed with the Swedish National Competition Authority against the Swedish Bodybuilding and Fitness

Federation, and therefore denies them. IFBB Pro denies the remaining allegations of Paragraph 70.

71.    In response to the allegations of Paragraph 71, IFBB Pro admits that Plaintiff purports to selectively quote excerpts from a settlement agreement involving NPC and Timothy Lee Thompson, which was posted on NPC's website and which speaks for itself. IFBB Pro further admits that amateur athletes affiliated with NPC can compete at Nspire-sanctioned events "without fear of punishment." IFBB Pro denies the remaining allegations of Paragraph 71.

72.    IFBB Pro denies the allegations of Paragraph 72.

73.    IFBB Pro denies the allegations of Paragraph 73.

74.    IFBB Pro denies the allegations of Paragraph 74.

75.    IFBB Pro lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 75 and therefore denies them. IFBB Pro denies the remaining allegations of Paragraph 75.

76.    The allegations of Paragraph 76 constitute legal contentions and/or conclusions as to which no response is required. To the extent that a response is required, IFBB Pro denies the allegations of Paragraph 76.

77.    In response to the allegations of Paragraph 77, IFBB Pro admits that Timothy Lee Thompson is no longer an NPC chairman and that Timothy Lee Thompson formed Nspire in 2015. IFBB Pro lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence of Paragraph 77 and therefore denies them. IFBB Pro denies the allega-

tions in the second sentence of Paragraph 77. Except as specifically admitted herein, IFBB Pro denies the remaining allegations of Paragraph 77.

78.    IFBB Pro denies the allegations of Paragraph 78.

79.    IFBB Pro lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning whether certain businesses chose not to do business or otherwise associate with Nspire, and therefore denies them. IFBB Pro denies the remaining allegations of Paragraph 79.

80.    IFBB Pro denies the allegations of Paragraph 80.

81.    The allegations of Paragraph 81 constitute legal contentions and/or conclusions as to which no response is required. To the extent that a response is required, IFBB Pro denies the allegations of Paragraph 81.

82.    IFBB Pro repeats and incorporates by reference its responses to Paragraphs 1 through 81 of the First Amended Complaint with the same force and effect as if set forth herein in full.

83.    The allegations of Paragraph 83 constitute legal contentions and/or conclusions as to which no response is required. To the extent that a response is required, IFBB Pro denies the allegations of Paragraph 83.

84.    The allegations of Paragraph 84 constitute legal contentions and/or conclusions as to which no response is required. To the extent that a response is required, IFBB Pro denies the allegations of Paragraph 84.

85.    The allegations of Paragraph 85 constitute legal contentions and/or conclusions as to which no response is required. To the extent that a response is required, IFBB Pro denies the allegations of Paragraph 85.

86.    The allegations of Paragraph 86 constitute legal contentions and/or conclusions as to which no response is required. To the extent that a response is required, IFBB Pro denies the allegations of Paragraph 86.

87.    The allegations of Paragraph 87 constitute legal contentions and/or conclusions as to which no response is required. To the extent that a response is required, IFBB Pro denies the allegations of Paragraph 87.

88.    The allegations of Paragraph 88 constitute legal contentions and/or conclusions as to which no response is required. To the extent that a response is required, IFBB Pro denies the allegations of Paragraph 88.

89.    The allegations of Paragraph 89 constitute legal contentions and/or conclusions as to which no response is required. To the extent that a response is required, IFBB Pro denies the allegations of Paragraph 89.

90.    The allegations of Paragraph 90 constitute legal contentions and/or conclusions as to which no response is required. To the extent that a response is required, IFBB Pro denies the allegations of Paragraph 90.

91.    IFBB Pro repeats and incorporates by reference its responses to Paragraphs 1 through 90 of the First Amended Complaint with the same force and effect as if set forth herein in full.

92.    The allegations of Paragraph 92 constitute legal contentions and/or conclusions as to which no response is required. To the extent that a response is re-quired, IFBB Pro denies the allegations of Paragraph 92.

93.    The allegations of Paragraph 93 constitute legal contentions and/or conclusions as to which no response is required. To the extent that a response is re-quired, IFBB Pro denies the allegations of Paragraph 93.

94.    The allegations of Paragraph 94 constitute legal contentions and/or conclusions as to which no response is required. To the extent that a response is re-quired, IFBB Pro denies the allegations of Paragraph 94.

95.    The allegations of Paragraph 95 constitute legal contentions and/or conclusions as to which no response is required. To the extent that a response is re-quired, IFBB Pro denies the allegations of Paragraph 95.

96.    The allegations of Paragraph 96 constitute legal contentions and/or conclusions as to which no response is required. To the extent that a response is re-quired, IFBB Pro denies the allegations of Paragraph 96.

97.    IFBB Pro repeats and incorporates by reference its responses to Para-graphs 1 through 96 of the First Amended Complaint with the same force and effect as if set forth herein in full.

98.    The allegations of Paragraph 98 constitute legal contentions and/or conclusions as to which no response is required. To the extent that a response is re-quired, IFBB Pro denies the allegations of Paragraph 98.

99. The allegations of Paragraph 99 constitute legal contentions and/or conclusions as to which no response is required. To the extent that a response is required, IFBB Pro denies the allegations of Paragraph 99.

100. The allegations of Paragraph 100 constitute legal contentions and/or conclusions as to which no response is required. To the extent that a response is required, IFBB Pro denies the allegations of Paragraph 100.

101. The allegations of Paragraph 101 constitute legal contentions and/or conclusions as to which no response is required. To the extent that a response is required, IFBB Pro denies the allegations of Paragraph 101.

102. The allegations of Paragraph 102 constitute legal contentions and/or conclusions as to which no response is required. To the extent that a response is required, IFBB Pro denies the allegations of Paragraph 102.

103. IFBB Pro repeats and incorporates by reference its responses to Paragraphs 1 through 102 of the First Amended Complaint with the same force and effect as if set forth herein in full.

104. The allegations of Paragraph 104 constitute legal contentions and/or conclusions as to which no response is required. To the extent that a response is required, IFBB Pro denies the allegations of Paragraph 104.

105. The allegations of Paragraph 105 constitute legal contentions and/or conclusions as to which no response is required. To the extent that a response is required, IFBB Pro denies the allegations of Paragraph 105.

106.   The allegations of Paragraph 106 constitute legal contentions and/or conclusions as to which no response is required. To the extent that a response is required, IFBB Pro denies the allegations of Paragraph 106.

107.   The allegations of Paragraph 107 constitute legal contentions and/or conclusions as to which no response is required. To the extent that a response is required, IFBB Pro denies the allegations of Paragraph 107.

108.   The allegations of Paragraph 108 constitute legal contentions and/or conclusions as to which no response is required. To the extent that a response is required, IFBB Pro denies the allegations of Paragraph 108.

109.   IFBB Pro repeats and incorporates by reference its responses to Paragraphs 1 through 108 of the First Amended Complaint with the same force and effect as if set forth herein in full.

110.   The allegations of Paragraph 110 constitute legal contentions and/or conclusions as to which no response is required. To the extent that a response is required, IFBB Pro denies the allegations of Paragraph 110.

111.   The allegations of Paragraph 111 constitute legal contentions and/or conclusions as to which no response is required. To the extent that a response is required, IFBB Pro denies the allegations of Paragraph 111.

112.   The allegations of Paragraph 112 constitute legal contentions and/or conclusions as to which no response is required. To the extent that a response is required, IFBB Pro denies the allegations of Paragraph 112.

113.    The allegations of Paragraph 113 constitute legal contentions and/or conclusions as to which no response is required. To the extent that a response is required, IFBB Pro denies the allegations of Paragraph 113.

114.    The allegations of Paragraph 114 constitute legal contentions and/or conclusions as to which no response is required. To the extent that a response is required, IFBB Pro denies the allegations of Paragraph 114.

115.    IFBB Pro repeats and incorporates by reference its responses to Paragraphs 1 through 114 of the First Amended Complaint with the same force and effect as if set forth herein in full.

116.    The allegations of Paragraph 116 constitute legal contentions and/or conclusions as to which no response is required. To the extent that a response is required, IFBB Pro denies the allegations of Paragraph 116.

117.    The allegations of Paragraph 117 constitute legal contentions and/or conclusions as to which no response is required. To the extent that a response is required, IFBB Pro denies the allegations of Paragraph 117.

118.    The allegations of Paragraph 118 constitute legal contentions and/or conclusions as to which no response is required. To the extent that a response is required, IFBB Pro denies the allegations of Paragraph 118.

119.    The allegations of Paragraph 119 constitute legal contentions and/or conclusions as to which no response is required. To the extent that a response is required, IFBB Pro denies the allegations of Paragraph 119.

120.    The allegations of Paragraph 120 constitute legal contentions and/or conclusions as to which no response is required. To the extent that a response is required, IFBB Pro denies the allegations of Paragraph 120.

121.    IFBB Pro repeats and incorporates by reference its responses to Paragraphs 1 through 120 of the First Amended Complaint with the same force and effect as if set forth herein in full.

122.    The allegations of Paragraph 122 constitute legal contentions and/or conclusions as to which no response is required. To the extent that a response is required, IFBB Pro denies the allegations of Paragraph 122.

123.    The allegations of Paragraph 123 constitute legal contentions and/or conclusions as to which no response is required. To the extent that a response is required, IFBB Pro denies the allegations of Paragraph 123.

124.    The allegations of Paragraph 124 constitute legal contentions and/or conclusions as to which no response is required. To the extent that a response is required, IFBB Pro denies the allegations of Paragraph 124.

125.    The allegations of Paragraph 125 constitute legal contentions and/or conclusions as to which no response is required. To the extent that a response is required, IFBB Pro denies the allegations of Paragraph 125.

126.    The allegations of Paragraph 126 constitute legal contentions and/or conclusions as to which no response is required. To the extent that a response is required, IFBB Pro denies the allegations of Paragraph 126.

127.   The allegations of Paragraph 127 constitute legal contentions and/or conclusions as to which no response is required. To the extent that a response is required, IFBB Pro denies the allegations of Paragraph 127.

*   *   *

IFBB Pro denies all allegations of the First Amended Complaint (including headings) not specifically admitted above.

## SEPARATE AND AFFIRMATIVE DEFENSES

IFBB Pro asserts the following defenses to Plaintiff's alleged causes of action. Insofar as any of the following expresses denial of an element of any claim alleged against IFBB Pro, such expression does not indicate that Plaintiff is relieved of its burden to prove each and every element of any such claim.

Plaintiff's claims do not describe the events or legal theories with sufficient particularity to permit IFBB Pro definitively to ascertain what other defenses may exist. IFBB Pro therefore reserves the right to amend its Answer to assert additional defenses and/or supplement, alter, or change its Answer and/or its defenses upon the discovery of more definitive facts upon the completion of its investigation and discovery.

IFBB Pro has not knowingly or intentionally waived any applicable defenses and explicitly reserves the right to assert and rely on such other applicable defenses as may become available or apparent during discovery proceedings. IFBB Pro further reserves the right to amend its Answer and/or its defenses, and/or to delete defenses that it determines are not applicable, during the course of subsequent discovery.

**First Additional or Affirmative Defense**
**(failure to state a claim)**

Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

**Second Additional or Affirmative Defense**
**(no injury)**

Plaintiff's claims are barred, in whole or in part, because Plaintiff has suffered no injury or damages as a result of the matters alleged in the First Amended Complaint.

**Third Additional or Affirmative Defense**
**(laches)**

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

**Fourth Additional or Affirmative Defense**
**(unclean hands)**

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

**Fifth Additional or Affirmative Defense**
**(no antitrust injury)**

Plaintiff's claims are barred because it has not suffered antitrust injury.

**Sixth Additional or Affirmative Defense**
**(no standing)**

Plaintiff's claims are barred, in whole or in part, by Plaintiff's lack of standing.

**Seventh Additional or Affirmative Defense**
**(release)**

Plaintiff's claims are barred, in whole or in part, by operation of one or more releases.

—24—

**Eighth Additional or Affirmative Defense
(no challenge to IFBB Pro arrangements)**

Plaintiff's claims are barred, in whole or in part, because Plaintiff has admitted that it does not challenge any exclusive-dealing arrangement between IFBB Pro and professional bodybuilding athletes.

**Ninth Additional or Affirmative Defense
(no unreasonable restraint of trade)**

Plaintiff's claims are barred because its allegations do not describe conduct that unreasonably restrained trade.

**Tenth Additional or Affirmative Defense
(no reduction in competition in a relevant market)**

Plaintiff's claims are barred because its allegations do not describe conduct that lessened competition in any relevant market.

**Eleventh Additional or Affirmative Defense
(no market power)**

Plaintiff's claims are barred because the defendants, singly or collectively, did not possess and do not possess market power in any legally cognizable relevant market.

**Twelfth Additional or Affirmative Defense
(procompetitive benefits)**

Plaintiff's claims are barred because it seeks to challenge conduct that, if it occurred, resulted in procompetitive benefits, including through increased consumer choice and improved product quality.

**Thirteenth Additional or Affirmative Defense
(acquiescence)**

Plaintiff's claims are barred, in whole or in part, by Plaintiff's acquiescence and/or confirmation of any and all conduct and/or omissions alleged as to IFBB Pro.

### Fourteenth Additional or Affirmative Defense
### (no proximate cause)

Plaintiff's claims are barred, in whole or in part, due to the absence of any injury or damage for which IFBB Pro's actions, conduct, or omissions were the proximate cause. To the extent that Plaintiff purportedly suffered injury or damage, which IFBB Pro specifically denies, IFBB Pro contends that any such purported injury or damage was not by reason of any act or omission of IFBB Pro.

### Fifteenth Additional or Affirmative Defense
### (plaintiff's own actions)

The harm, if any, suffered by Plaintiff resulted from Plaintiff's mismanagement, incompetence, or other actions.

### Sixteenth Additional or Affirmative Defense
### (failure to mitigate)

Plaintiff's claims are barred, in whole or in part, due to its failure to mitigate.

### Seventeenth Additional or Affirmative Defense
### (speculative damages)

Plaintiff's claims are barred because the alleged damages sought are too speculative and uncertain, and cannot be practicably ascertained or allocated.

### Eighteenth Additional or Affirmative Defense
### (superseding causes)

Plaintiff's claims are barred because the acts of third parties constitute intervening or superseding causes of the harm, if any, suffered by Plaintiff.

### Nineteenth Additional or Affirmative Defense
### (adequate remedy at law)

Plaintiff's claims for injunctive relief are barred because Plaintiff has available an adequate remedy at law.

**Twentieth Additional or Affirmative Defense**
**(acts permitted by law)**

Plaintiff's claims are barred to the extent that they are based on alleged acts, conduct, or statements that are specifically permitted by law.

**Twenty-first Additional or Affirmative Defense**
**(injunctive relief not available)**

Plaintiff's claims are barred because Plaintiff has failed to state a claim for injunctive relief insofar as Plaintiff seeks to enjoin alleged events that have already transpired without the requisite showing of threatened harm or continuing harm.

**Twenty-second Additional or Affirmative Defense**
**(offset)**

Plaintiff's claims are barred because any claimed injury or damage has been offset by benefits Plaintiff received with respect to the challenged conduct.

**Twenty-third Additional or Affirmative Defense**
**(statute of limitation)**

Plaintiff's claims are barred, in whole or in part, by the applicable statute(s) of limitations.

**Twenty-fourth Additional or Affirmative Defense**
**(public policy)**

Plaintiff's claims are barred, in whole or in part, because the remedies sought are unconstitutional, contrary to public policy, or are otherwise unauthorized.

**Twenty-fifth Additional or Affirmative Defense**
**(additional defenses)**

Any defenses pleaded by any other defendant and not pleaded by IFBB Pro are incorporated herein to the extent that they are also supported by facts and law applicable to IFBB Pro and do not irreconcilably conflict with IFBB Pro's defenses, as primary or alternative theories of defense.

\*       \*       \*

WHEREFORE, IFBB Pro respectfully requests that the Court:

i.     Dismiss the action with prejudice;

ii.    Enter judgment in favor of IFBB Pro and against Plaintiff on each and every cause of action set forth in the Complaint;

iii.   Award IFBB Pro its costs and attorney's fees; and

iv.    Grant such other relief as the Court deems appropriate.

Respectfully submitted,

_____/s/_____

Derek Ludwin (*pro hac vice*)
Benjamin C. Block (VA Bar 46669)
Sonia Lahr-Pastor (*pro hac vice*)
Marianne F. Kies (*pro hac vice*)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
(202) 662-5205
(202) 778-5205 (fax)
dludwin@cov.com
bblock@cov.com
slahrpastor@cov.com
mkies@cov.com

*Counsel for Defendant*
*IFBB Professional League*

July 29, 2016

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of July 2016, a true and correct copy of the foregoing Answer to Plaintiff's Amended Complaint was served using the Court's CM/ECF system, with electronic notification of such filing to all counsel of record:

Scott A. Cunning, II
Thomas J. Lang
Michael J. Scanlon
Scott Benfield
HAYNES AND BOONE, LLP
800 17th Street, NW, Suite 500
Washington, DC 20006
scott.cunning@haynesboone.com
thomas.lang@haynesboone.com
michael.scanlon@haynesboone.com
scott.benfield@haynesboone.com

Richard D. Anigian
Nick Nelson
HAYNES AND BOONE, LLP
One Victory Park
2323 Victory Park Ave., Suite 700
Dallas, TX 75219
rick.anigian@haynesboone.com
nick.nelson@haynesboone.com

Craig Crandall Reilly
LAW OFFICE OF CRAIG C. REILLY
111 Oronoco Street
Alexandria, VA 22314
craig.reilly@ccreillylaw.com

_____/s/_____
Benjamin C. Block

—29—