**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

|  |  |  |
|---|---|---|
| NSPIRE SPORTS LEAGUE LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 1:16-cv-00232-CMH-TCB |
| | ) | |
| IFBB PROFESSIONAL LEAGUE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT NATIONAL PHYSIQUE COMMITTEE
OF THE USA, INC.'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant National Physique Committee of the USA, Inc. ("NPC"), by and through its undersigned attorneys, hereby files its Answer and Affirmative Defenses to Plaintiff's First Amended Complaint.

**NATURE OF ACTION**

1.      NPC is without knowledge or information sufficient to form a belief at this time as to how, whether or where the phrase "IFBB Family" is used on the IFBB Professional website, and therefore denies said allegation. The remaining allegations of Paragraph 1 are legal conclusions to which no response is required. To the extent that a response is required, NPC denies the remaining allegations of Paragraph 1.

2.      The allegations of Paragraph 2 constitute legal conclusions as to which no response is required. To the extent that a response is required, NPC denies the allegations of Paragraph 2.

3.      The allegations of Paragraph 3 constitute legal conclusions as to which no response is required. To the extent that a response is required, NPC denies the allegations of Paragraph 3.

4.      In response to the allegations of Paragraph 4, NPC admits that Plaintiff purports to selectively quote IFBB International's written Constitution, which document speaks for itself. The remaining allegations of Paragraph 4 constitute legal conclusions as to which no response is required.  To the extent that a response is required, NPC denies the remaining allegations of Paragraph 4.

5.      The allegations of Paragraph 5 constitute legal conclusions as to which no response is required.  To the extent that a response is required, NPC denies the allegations of Paragraph 5.

6.      The allegations of Paragraph 6 constitute legal conclusions as to which no response is required.  To the extent that a response is required, NPC denies the allegations of Paragraph 6.

7.      In response to the allegations of Paragraph 7, NPC admits that Plaintiff has brought this action.  NPC denies that Plaintiff is entitled to any relief in this action.  The remaining allegations of Paragraph 7 constitute legal conclusions as to which no response is required.  To the extent that a response is required, NPC denies the remaining allegations of Paragraph 7.

8.      NPC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8, and therefore denies the same.

9.      The allegations of Paragraph 9 do not pertain to NPC, and therefore no response is required.  To the extent that a response is required, NPC denies the allegations of Paragraph 9.

10.      The allegations of Paragraph 10 do not pertain to NPC, and therefore no response is required.  To the extent that a response is required, NPC denies the allegations of Paragraph 10.

11.     In response to the allegations of Paragraph 11, NPC admits that it is a nonprofit Ohio corporation that is headquartered in Pittsburgh, Pennsylvania at 212 9th Street, Suite 500, Pittsburgh, Pennsylvania 15222.

## JURISDICTION AND VENUE

12.     The allegations of Paragraph 12 constitute legal conclusions to which no response is required.  To the extent that a response is required, NPC states that it does not contest subject matter jurisdiction in this Court but denies that Plaintiff has brought an action that properly arises under the Sherman Act or any other law.  NPC denies the remaining allegations of Paragraph 12.

13.     NPC admits that it appoints a District Chairperson for Virginia.  The remaining allegations of Paragraph 13 constitute legal conclusions as to which no response is required.  To the extent that a response is required, NPC denies the remaining allegations of Paragraph 13.

14.     The allegations of Paragraph 14 do not pertain to NPC, and therefore no response is required.  To the extent that a response is required, NPC denies the allegations of Paragraph 14.

15.     The allegations of Paragraph 15 do not pertain to NPC, and therefore no response is required.  To the extent that a response is required, NPC denies the allegations of Paragraph 15.

16.     NPC does not contest that venue is proper in this action as to NPC.  The remaining allegations of Paragraph 16 constitute legal conclusions as to which no response is required.  To the extent that a response is required, NPC denies the remaining allegations of Paragraph 16.

## INTERSTATE TRADE AND COMMERCE

17.     In response to the allegations of Paragraph 17, NPC admits that a film titled *Pumping Iron*, starring Arnold Schwarzenegger, was released in 1977.   NPC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies the same.

18.     In response to the allegations of Paragraph 18, NPC admits that competitive bodybuilding is a popular sport that attracts numerous athletes in the United States.   Many types of businesses cater to, among other consumers, individuals involved in competitive bodybuilding, including health clubs, training facilities, and other businesses.   NPC denies the remaining allegations of Paragraph 18.

19.     The allegations of Paragraphs 19a and 19c do not pertain to NPC, and therefore no response is required.  To the extent that a response is required, NPC denies the allegations of Paragraphs 19a and 19c.   NPC admits the allegations of Paragraph 19b.   To the extent not specifically admitted, NPC denies the remaining allegations of Paragraph 19.

20.     In response to the allegations of Paragraph 20, NPC admits that it offers the online purchase of merchandise, some of which is purchased by U.S. consumers.   NPC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 20, and therefore denies the same.

21.     The allegations of Paragraph 21 constitute legal conclusions as to which no response is required.  To the extent that a response is required, NPC denies the allegations of Paragraph 21.

## RELEVANT MARKETS

22.    The allegations of Paragraph 22 constitute legal conclusions as to which no response is required.  To the extent that a response is required, NPC denies the allegations of Paragraph 22.

### The Market for Professional Bodybuilding Contests

23.    In response to the allegations of Paragraph 23, NPC states that only professional contests offer prize money to athletes, and only professional athletes are eligible to participate in professional bodybuilding contests.  NPC further states that event promoters provide only professional athletes with a *per diem* and reimbursement of travel costs.  The remaining allegations of Paragraph 23 constitute legal conclusions as to which no response is required.  To the extent that a response is required, NPC denies the remaining allegations of Paragraph 23.

### The Market for Major Amateur Bodybuilding Contests

24.    The allegations of Paragraph 24 constitute legal conclusions as to which no response is required.  To the extent that a response is required, NPC denies the allegations of Paragraph 24.

### The Market for Elite Amateur Bodybuilders

25.    The allegations of Paragraph 25 constitute legal conclusions as to which no response is required.  To the extent that a response is required, and not specifically admitted herein, NPC denies the allegations of Paragraph 25.

26.    In response to the allegations of Paragraph 26, NPC admits that Plaintiff purports to reference comments by Rick Wayne concerning bodybuilding contests, without identifying the source of the comments.  The remaining allegations of Paragraph 26 relate to legal contentions and/or putative economic theories about "substitutability" as to which no response is required.

To the extent that a response is required, and not specifically admitted herein, NPC denies the remaining allegations of Paragraph 26.

27.     The allegations of Paragraph 27 reflect statements of purported economic theory as to which no response is required.  To the extent that a response is required, NPC denies the allegations of Paragraph 27.

28.      The allegations of Paragraph 28 constitute legal contentions and/or statements of purported economic theory as to which no response is required.  To the extent that a response is required, NPC denies the allegations of Paragraph 28.

29.     NPC denies the allegations of Paragraph 29.

## FACTUAL BACKGROUND

### The Rise of the IFBB

30.     The allegations of Paragraph 30 do not pertain to NPC, and therefore no response is required.  To the extent that a response is required, NPC denies the allegations of Paragraph 30.

31.     The allegations of Paragraph 31 do not pertain to NPC, and therefore no response is required.  To the extent that a response is required, NPC denies the allegations of Paragraph 31.

32.     The allegations of Paragraph 32 do not pertain to NPC, and therefore no response is required.  To the extent that a response is required, NPC denies the allegations of Paragraph 32.

33.     The allegations of Paragraph 33 do not pertain to NPC, and therefore no response is required.  To the extent that a response is required, NPC denies the allegations of Paragraph 33.

34.     The allegations of Paragraph 34 do not pertain to NPC, and therefore no response is required.  To the extent that a response is required, NPC denies the allegations of Paragraph 34.

35.     The allegations of Paragraph 35 do not pertain to NPC, and therefore no response is required.  To the extent that a response is required, NPC denies the allegations of Paragraph 35.

36.     The allegations of Paragraph 36 do not pertain to NPC, and therefore no response is required.  To the extent that a response is required, NPC denies the allegations of Paragraph 36.

37.     In response to the allegations of Paragraph 37, NPC admits that the Olympic and Amateur Sports Act was enacted in 1978 and later named the Ted Stevens Olympic and Amateur Sports Act, which statute speaks for itself.  NPC further admits that Plaintiff purports to selectively quote Randy Roach, without citing the source of the purported quotation.  NPC denies the remaining allegations of Paragraph 37.

38.     In response to the allegations of Paragraph 38, NPC admits that, by approximately 1977, the AAU National Weightlifting Committee had formed separate committees for weightlifting, powerlifting, and bodybuilding.  NPC further admits that Jim Manion was elected Chairman of the AAU National Physique Committee in approximately 1977.  NPC denies the remaining allegations of Paragraph 38.

39.     In response to the allegations of Paragraph 39, NPC admits that Jim Manion is a retired bodybuilder and that NPC was incorporated under Ohio law in approximately March 1978.  NPC further admits that Plaintiff purports to selectively quote excerpts from the publication *Muscle, Smoke & Mirrors*, which document speaks for itself.  NPC denies the remaining allegations of Paragraph 39.

7

40.     In response to the allegations of Paragraph 40, NPC admits that Plaintiff purports to selectively quote excerpts from the publication *Muscle, Smoke & Mirrors*, which document speaks for itself.  To the extent that a response is required, NPC denies the remaining allegations of Paragraph 40.

41.     In response to the allegations of Paragraph 41, NPC admits that the AAU Corporation became "National Physique Committee of the U.S.A., Inc."  NPC denies the remaining allegations of Paragraph 41.

42.     In response to the allegations of Paragraph 42, NPC admits that the AAU filed an antitrust suit against NPC in 1982, the record of which speaks for itself.  NPC denies the remaining allegations of Paragraph 42.

43.     In response to the allegations of Paragraph 43, NPC admits that Plaintiff purports to selectively quote excerpts from a preliminary injunction order involving the AAU and NPC, which document speaks for itself.  NPC denies the remaining allegations of Paragraph 43.

44.     In response to the allegations of Paragraph 44, NPC admits that Plaintiff purports to selectively quote excerpts from a stipulated judgment, which document speaks for itself, and statements by Bob Cicherillo during a February 2016 podcast, which speak for themselves.  NPC denies the remaining allegations of Paragraph 44.  By way of further answer, NPC does not punish any amateur athletes for competing in contests sanctioned by another bodybuilding organization.

45.     NPC denies the allegations of Paragraph 45.

### Defending the IFBB Family's Business

46.     NPC denies the allegations of Paragraph 46.

47.     The allegations of Paragraph 47 do not pertain to NPC, and therefore no response is required.  To the extent that a response is required, NPC denies the allegations of Paragraph 47.

48.     The allegations of Paragraph 48 do not pertain to NPC, and therefore no response is required.  To the extent that a response is required, NPC denies the allegations of Paragraph 48.

49.     In response to the allegations of Paragraph 49, NPC admits that Plaintiff purports to quote statements by Tom Platz during the 1990 Mr. Olympia contest.  NPC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies the same.

50.     NPC denies the allegations of Paragraph 50.

51.     NPC is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the May 18, 1991 contest run by IFBB International, and therefore denies the same.  NPC denies the remaining allegations of Paragraph 51.

52.     In response to the allegations of Paragraph 52, NPC admits that Plaintiff purports to selectively quote excerpts from an article entitled "The Definitive History of the WBF," which document speaks for itself.  NPC is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the television show "American Muscle," and therefore denies the same.   NPC denies the remaining allegations of Paragraph 52.

53.     In response to the allegations of Paragraph 53, NPC admits that Plaintiff purports to selectively quote excerpts from an article entitled "The Definitive History of the WBF," which document speaks for itself.  NPC denies the remaining allegations of Paragraph 53.

**The Business of Bodybuilding**

54.     In response to the allegations of Paragraph 54, NPC admits that Plaintiff purports to selectively quote excerpts from a *New York Times* article entitled "There's gold in pumping iron," which document speaks for itself.  NPC denies the remaining allegations of Paragraph 54.

55.     In response to the allegations of Paragraph 55, NPC states that it currently charges annual membership fees of $125.00.  The remaining allegations of Paragraph 55 do not pertain to NPC, and therefore no response is required.  To the extent that a response is required, NPC denies the remaining allegations of Paragraph 55.

56.     NPC denies the allegations of Paragraph 56.

57.     In response to the allegations in Paragraph 57, NPC admits that Jim Manion is the President of IFBB Pro, the President of NPC, and the Vice President for North America for IFBB International.  NPC further admits that Plaintiff purports to selectively quote a web biography for Jim Manion, which document speaks for itself, and that Plaintiff purports to selectively paraphrase purported statements by Jim Manion during a November 12, 2007 radio program. NPC denies the remaining allegations of Paragraph 57.

58.     NPC denies the allegations of Paragraph 58.

59.     In response to the allegations in Paragraph 59,  NPC admits that Plaintiff purports to reference comments in a *New York Times* article entitled "There's gold in pumping iron," which document speaks for itself.  NPC denies the remaining allegations of Paragraph 59.

60.     In response to the allegations of Paragraph 60b, NPC states that it promotes approximately 300 events annually, and at least some of these events are successful and popular. NPC further states that numerous other bodybuilding organizations promote competitions throughout the United States.  The remaining allegations of Paragraph 60 do not pertain to NPC,

and therefore no response is required. To the extent that a response is required, NPC denies the remaining allegations of Paragraph 60.

61. The allegations of Paragraph 61 constitute legal conclusions to which no response is required. To the extent that a response is required, NPC denies the allegations of Paragraph 61.

62. In response to the allegations of Paragraph 62, NPC admits that IFBB Pro and NPC are legally separate entities, and that Plaintiff purports to selectively quote excerpts from the 2009 edition of the IFBB Pro Rules and a 2013 IFBB Pro notice, which documents speak for themselves. NPC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the last sentence of Paragraph 62, and therefore denies the same. NPC denies the remaining allegations of Paragraph 62.

63. The allegations of Paragraph 63 do not pertain to NPC, and therefore no response is required. To the extent that a response is required, NPC denies the allegations of Paragraph 63.

64. In response to the allegations of Paragraph 64, NPC admits that Plaintiff purports to selectively quote excerpts from IFBB International's written Constitution and a September 9, 2015 IFBB Legal Commission notice, which documents speak for themselves. NPC further admits that Plaintiff purports to quote from unidentified NPC letters. NPC denies the remaining allegations of Paragraph 64.

65. The allegations of Paragraph 65 constitute legal conclusions as to which no response is required. To the extent that a response is required, NPC denies the allegations of Paragraph 65.

66. In response to the allegations of Paragraph 66, NPC admits that Plaintiff purports to selectively quote statements by Jim Manion during a November 12, 2007 radio program. The

remaining allegations constitute legal conclusions to which no response is required.   To the extent that a response is required, NPC denies the remaining allegations of Paragraph 66.

**The IFBB Family's Loyalty Rules Are Unreasonable and Unnecessary**

67.     The allegations of Paragraph 67 constitute legal conclusions as to which no response is required.   To the extent that a response is required, NPC denies the allegations of Paragraph 67.

68.     The allegations of Paragraph 68 constitute legal conclusions as to which no response is required.   To the extent that a response is required, NPC denies the allegations of Paragraph 68.

69.     In response to Paragraph 69, NPC admits that Plaintiff purports to reference a written preliminary injunction and stipulated order entered by the Eastern District of Tennessee in 1982, which documents speak for themselves.   NPC denies the remaining allegations of Paragraph 69.

70.     The allegations of Paragraph 70 do not pertain to NPC, and therefore no response is required.   To the extent that a response is required, NPC denies the allegations of Paragraph 70.

71.     In response to the allegations of Paragraph 71, NPC admits that Plaintiff purports to selectively quote excerpts from a settlement agreement involving NPC and Timothy Lee Thompson, which was posted on NPC's website and which speaks for itself.   NPC further admits that amateur athletes affiliated with NPC can compete at Nspire-sanctioned events "without fear of punishment."   NPC denies the remaining allegations of Paragraph 71.

72.     NPC denies the allegations of Paragraph 72.

**Injury to Competition**

73.     NPC denies the allegations of Paragraph 73.

74.     NPC denies the allegations of Paragraph 74.

75.     NPC is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 75, and therefore denies the same. NPC denies the remaining allegations of Paragraph 75.

76.     The allegations of Paragraph 76 constitute legal conclusions as to which no response is required.  To the extent that a response is required, NPC denies the allegations of Paragraph 76.

**Nspire's Injury**

77.     In response to the allegations of Paragraph 77, NPC admits that Timothy Lee Thompson is no longer an NPC chairman and that Timothy Lee Thompson formed Nspire in 2015.  NPC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence of Paragraph 77, and therefore denies the same.  NPC denies the allegations in the second sentence of Paragraph 77.  Except as specifically admitted herein, NPC denies the remaining allegations of Paragraph 77.

78.     NPC denies the allegations of Paragraph 78.

79.     NPC is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning whether certain businesses chose not to do business or otherwise associate with Nspire, and therefore denies the same.  NPC denies the remaining allegations of Paragraph 79.

80.     NPC denies the allegations of Paragraph 80.

81.     The allegations of Paragraph 81 constitute legal conclusions to which no response is required.  To the extent that a response is required, NPC denies the allegations of Paragraph 81.

## CAUSES OF ACTION

### Count I
### Unlawful Restraint of Trade (Violation of Section 1 of the Sherman Act) NPC, IFBB International, IFBB Professional

82.     NPC reasserts and incorporates herein by reference each of its responses to allegations stated in Paragraphs 1 through 81 of the First Amended Complaint.

83.     The allegations of Paragraph 83 constitute legal conclusions as to which no response is required.  To the extent that a response is required, NPC denies the allegations of Paragraph 83.

84.     The allegations of Paragraph 84 constitute legal conclusions as to which no response is required.  To the extent that a response is required, NPC denies the allegations of Paragraph 84.

85.     The allegations of Paragraph 85 constitute legal conclusions as to which no response is required.  To the extent that a response is required, NPC denies the allegations of Paragraph 85.

86.     The allegations of Paragraph 86 constitute legal conclusions as to which no response is required.  To the extent that a response is required, NPC denies the allegations of Paragraph 86.

87.     The allegations of Paragraph 87 constitute legal conclusions as to which no response is required.  To the extent that a response is required, NPC denies the allegations of Paragraph 87.

88.     The allegations of Paragraph 88 constitute legal conclusions as to which no response is required.  To the extent that a response is required, NPC denies the allegations of Paragraph 88.

89.     The allegations of Paragraph 89 constitute legal conclusions as to which no response is required.  To the extent that a response is required, NPC denies the allegations of Paragraph 89.

90.     The allegations of Paragraph 90 constitute legal conclusions as to which no response is required.  To the extent that a response is required, NPC denies the allegations of Paragraph 90.

**Count II**
**Monopolization of Output Market for Major Amateur Competitions**
**(Violation of Section 2 of the Sherman Act)**
**NPC**

91.     NPC reasserts and incorporates herein by reference each of its responses to allegations stated in Paragraphs 1 through 90 of the First Amended Complaint.

92.     The allegations of Paragraph 92 constitute legal conclusions as to which no response is required.  To the extent that a response is required, NPC denies the allegations of Paragraph 92.

93.     The allegations of Paragraph 93 constitute legal conclusions as to which no response is required.  To the extent that a response is required, NPC denies the allegations of Paragraph 93.

94.     The allegations of Paragraph 94 constitute legal conclusions as to which no response is required.  To the extent that a response is required, NPC denies the allegations of Paragraph 94.

95.     The allegations of Paragraph 95 constitute legal conclusions as to which no response is required.  To the extent that a response is required, NPC denies the allegations of Paragraph 95.

96.     The allegations of Paragraph 96 constitute legal conclusions as to which no response is required.  To the extent that a response is required, NPC denies the allegations of Paragraph 96.

## Count III
## Monopsonization of Input Market for Elite Amateur Athletes
### (Violation of Section 2 of the Sherman Act)
### NPC

97.     NPC reasserts and incorporates herein by reference each of its responses to allegations stated in Paragraphs 1 through 96 of the First Amended Complaint.

98.     The allegations of Paragraph 98 constitute legal conclusions as to which no response is required.  To the extent that a response is required, NPC denies the allegations of Paragraph 98.

99.     The allegations of Paragraph 99 constitute legal conclusions as to which no response is required.  To the extent that a response is required, NPC Pro denies the allegations of Paragraph 99.

100.    The allegations of Paragraph 100 constitute legal conclusions as to which no response is required.  To the extent that a response is required, NPC denies the allegations of Paragraph 100.

101.    The allegations of Paragraph 101 constitute legal conclusions as to which no response is required.  To the extent that a response is required, NPC denies the allegations of Paragraph 101.

102.    The allegations of Paragraph 102 constitute legal conclusions as to which no response is required.  To the extent that a response is required, NPC denies the allegations of Paragraph 102.

**Count IV**
**Attempted Monopolization of Output Market for Major Amateur Competitions**
**(Violation of Section 2 of the Sherman Act)**
**NPC**

103.    NPC reasserts and incorporates herein by reference each of its responses to allegations stated in Paragraphs 1 through 102 of the First Amended Complaint.

104.    The allegations of Paragraph 104 constitute legal conclusions as to which no response is required.  To the extent that a response is required, NPC denies the allegations of Paragraph 104.

105.    The allegations of Paragraph 105 constitute legal conclusions as to which no response is required.  To the extent that a response is required, NPC denies the allegations of Paragraph 105.

106.    The allegations of Paragraph 106 constitute legal conclusions as to which no response is required.  To the extent that a response is required, NPC denies the allegations of Paragraph 106.

107.    The allegations of Paragraph 107 constitute legal conclusions as to which no response is required.  To the extent that a response is required, NPC denies the allegations of Paragraph 107.

108.    The allegations of Paragraph 108 constitute legal conclusions as to which no response is required.  To the extent that a response is required, NPC denies the allegations of Paragraph 108.

**Count V**
**Attempted Monopsonization of Output Market for Elite Amateur Athletes**
**(Violation of Section 2 of the Sherman Act)**
**NPC**

109.    NPC reasserts and incorporates herein by reference each of its responses to allegations stated in Paragraphs 1 through 108 of the First Amended Complaint.

17

110.    The allegations of Paragraph 110 constitute legal conclusions as to which no response is required.  To the extent that a response is required, NPC denies the allegations of Paragraph 110.

111.    The allegations of Paragraph 111 constitute legal conclusions as to which no response is required.  To the extent that a response is required, NPC denies the allegations of Paragraph 111.

112.    The allegations of Paragraph 112 constitute legal conclusions as to which no response is required.  To the extent that a response is required, NPC denies the allegations of Paragraph 112.

113.    The allegations of Paragraph 113 constitute legal conclusions as to which no response is required.  To the extent that a response is required, NPC denies the allegations of Paragraph 113.

114.    The allegations of Paragraph 114 constitute legal conclusions as to which no response is required.  To the extent that a response is required, NPC denies the allegations of Paragraph 114.

**Count VI**
**Conspiracy to Monopolize Output Market for Major Amateur Competitions**
**(Violation of Section 2 of the Sherman Act)**
**NPC, IFBB International, IFBB Professional**

115.    NPC reasserts and incorporates herein by reference each of its responses to allegations stated in Paragraphs 1 through 114 of the First Amended Complaint.

116.    The allegations of Paragraph 116 constitute legal conclusions as to which no response is required.  To the extent that a response is required, NPC denies the allegations of Paragraph 116.

117.    The allegations of Paragraph 117 constitute legal conclusions as to which no response is required.  To the extent that a response is required, NPC denies the allegations of Paragraph 117.

118.    The allegations of Paragraph 118 constitute legal conclusions as to which no response is required.  To the extent that a response is required, NPC denies the allegations of Paragraph 118.

119.    The allegations of Paragraph 119 constitute legal conclusions as to which no response is required.  To the extent that a response is required, NPC denies the allegations of Paragraph 119.

120.    The allegations of Paragraph 120 constitute legal conclusions as to which no response is required.  To the extent that a response is required, NPC denies the allegations of Paragraph 120.

**Count VII**
**Conspiracy to Monopsonize Input Market for Elite Amateur Athletes**
**(Violation of Section 2 of the Sherman Act)**
**NPC, IFBB International, IFBB Professional**

121.    NPC reasserts and incorporates herein by reference each of its responses to allegations stated in Paragraphs 1 through 120 of the First Amended Complaint.

122.    The allegations of Paragraph 122 constitute legal conclusions as to which no response is required.  To the extent that a response is required, NPC denies the allegations of Paragraph 122.

123.    The allegations of Paragraph 123 constitute legal conclusions as to which no response is required.  To the extent that a response is required, NPC denies the allegations of Paragraph 123.

124.    The allegations of Paragraph 124 constitute legal conclusions as to which no response is required.   To the extent that a response is required, NPC denies the allegations of Paragraph 124.

125.    The allegations of Paragraph 125 constitute legal conclusions as to which no response is required.   To the extent that a response is required, NPC denies the allegations of Paragraph 125.

126.    The allegations of Paragraph 126 constitute legal conclusions as to which no response is required.   To the extent that a response is required, NPC denies the allegations of Paragraph 126.

## JURY DEMAND

127.    The allegations of Paragraph 127 constitute legal conclusions as to which no response is required.   To the extent that a response is required, NPC denies the allegations of Paragraph 127.

*          *          *

NPC denies all allegations of the First Amended Complaint (including headings) not specifically admitted above.

## AFFIRMATIVE DEFENSES

NPC asserts the following defenses to Plaintiff's alleged causes of action.   Insofar as any of the following expresses denial of an element of any claim alleged against NPC, such expression does not indicate that Plaintiff is relieved of its burden to prove each and every element of any such claim.

Plaintiff's claims do not describe the events or legal theories with sufficient particularity to permit NPC definitively to ascertain what other defenses may exist.   NPC therefore reserves the right to amend its Answer to assert additional defenses and/or supplement, alter, or change its

Answer and/or its defenses upon the discovery of more definitive facts upon the completion of its investigation and discovery.

NPC has not knowingly or intentionally waived any applicable defenses and explicitly reserves the right to assert and rely on such other applicable defenses as may become available or apparent during discovery proceedings.  NPC further reserves the right to amend its Answer and/or its defenses, and/or to delete defenses that it determines are not applicable, during the course of subsequent discovery.

### First Affirmative Defense
### (failure to state a claim)

Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense
### (no injury)

Plaintiff's claims are barred, in whole or in part, because Plaintiff has suffered no injury or damages as a result of the matters alleged in the First Amended Complaint.

### Third Affirmative Defense
### (laches)

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

### Fourth Affirmative Defense
### (unclean hands)

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

### Fifth Affirmative Defense
### (no antitrust injury)

Plaintiff's claims are barred because it has not suffered antitrust injury.

### Sixth Additional or Affirmative Defense
### (no standing)

Plaintiff's claims are barred, in whole or in part, by Plaintiff's lack of standing.

**Seventh Affirmative Defense**
**(release)**

Plaintiff's claims are barred, in whole or in part, by operation of one or more releases.

**Eighth Affirmative Defense**
**(no challenge to NPC arrangements)**

Plaintiff's claims are barred, in whole or in part, because Plaintiff has admitted that it does not challenge any exclusive-dealing arrangement between NPC and professional bodybuilding athletes.

**Ninth Affirmative Defense**
**(no unreasonable restraint of trade)**

Plaintiff's claims are barred because its allegations do not describe conduct that unreasonably restrain trade.

**Tenth Affirmative Defense**
**(no reduction in competition in a relevant market)**

Plaintiff's claims are barred because its allegations do not describe conduct that lessened competition in any relevant market.

**Eleventh Affirmative Defense**
**(no market power)**

Plaintiff's claims are barred because the defendants, singly or collectively, did not possess and do not possess market power in any legally cognizable relevant market.

**Twelfth Affirmative Defense**
**(procompetitive benefits)**

Plaintiff's claims are barred because it seeks to challenge conduct that, if it occurred, resulted in procompetitive benefits, including through increased consumer choice and improved product quality.

**Thirteenth Affirmative Defense**
**(acquiescence)**

Plaintiff's claims are barred, in whole or in part, by Plaintiff's acquiescence and/or

confirmation of any and all conduct and/or omissions alleged as to NPC.

**Fourteenth Affirmative Defense**
**(no proximate cause)**

Plaintiff's claims are barred, in whole or in part, due to the absence of any injury or

damage for which NPC's actions, conduct, or omissions were the proximate cause. To the extent

that Plaintiff purportedly suffered injury or damage, which NPC specifically denies, NPC

contends that any such purported injury or damage was not by reason of any act or omission of

NPC.

**Fifteenth Affirmative Defense**
**(plaintiff's own actions)**

The harm, if any, suffered by Plaintiff resulted from Plaintiff's mismanagement,

incompetence, or other actions.

**Sixteenth Affirmative Defense**
**(failure to mitigate)**

Plaintiff's claims are barred, in whole or in part, due to its failure to mitigate.

**Seventeenth Affirmative Defense**
**(speculative damages)**

Plaintiff's claims are barred because the alleged damages sought are too speculative and

uncertain, and cannot be practicably ascertained or allocated.

**Eighteenth Affirmative Defense**
**(superseding causes)**

Plaintiff's claims are barred because the acts of third parties constitute intervening or

superseding causes of the harm, if any, suffered by Plaintiff.

**Nineteenth Affirmative Defense**
**(adequate remedy at law)**

Plaintiff's claims for injunctive relief are barred because Plaintiff has available an adequate remedy at law.

**Twentieth Affirmative Defense**
**(acts permitted by law)**

Plaintiff's claims are barred to the extent that they are based on alleged acts, conduct, or statements that are specifically permitted by law.

**Twenty-first Affirmative Defense**
**(injunctive relief not available)**

Plaintiff's claims are barred because Plaintiff has failed to state a claim for injunctive relief insofar as Plaintiff seeks to enjoin alleged events that have already transpired without the requisite showing of threatened harm or continuing harm.

**Twenty-second Affirmative Defense**
**(offset)**

Plaintiff's claims are barred because any claimed injury or damage has been offset by benefits Plaintiff received with respect to the challenged conduct.

**Twenty-third Affirmative Defense**
**(statute of limitation)**

Plaintiff's claims are barred, in whole or in part, by the applicable statute(s) of limitations.

**Twenty-fourth Affirmative Defense**
**(public policy)**

Plaintiff's claims are barred, in whole or in part, because the remedies sought are unconstitutional, contrary to public policy, or are otherwise unauthorized.

**Twenty-fifth Affirmative Defense**
**(additional defenses)**

Any defenses pleaded by any other defendant and not pleaded by NPC are incorporated herein to the extent that they are also supported by facts and law applicable to NPC and do not irreconcilably conflict with NPC's defenses, as primary or alternative theories of defense.

\*      \*      \*

WHEREFORE, NPC respectfully requests that the Court:

    i.     Dismiss the action with prejudice;

    ii.    Enter judgment in favor of NPC and against Plaintiff on each and every cause of action set forth in the Complaint;

    iii.   Award NPC its costs and attorney's fees; and

    iv.   Grant such other relief as the Court deems appropriate.

Dated: July 29, 2016            Respectfully submitted,

/s/ S. Lloyd Smith
S. Lloyd Smith (VA Bar 85119)
BUCHANAN INGERSOLL & ROONEY PC
1737 King Street, Suite 500
Alexandria, VA 22314-2727
(703) 836-6620
(703) 836-2021 (fax)
lloyd.smith@bipc.com

Wendelynne J. Newton (*pro hac vice*)
Brian H. Simmons (*pro hac vice*)
Samantha L. Southall (*pro hac vice*)
BUCHANAN INGERSOLL & ROONEY PC
20th Floor, One Oxford Centre
Pittsburgh, PA 15219
(412) 392-2048
(412) 392-2128 (fax)
wendelynne.newton@bipc.com
brian.simmons@bipc.com
samantha.southall@bipc.com

*Counsel for Defendant National Physique Committee of the USA, Inc.*

25

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of July 2016, a true and correct copy of Defendant National Physique Committee of the USA, Inc.'s Answer and Affirmative Defenses to Plaintiff's First Amended Complaint was served via email, to all counsel of record:

Scott A. Cunning, II
Thomas J. Lang
Michael J. Scanlon
HAYNES AND BOONE, LLP
800 17th Street, NW, Suite 500
Washington, DC 20006
*Counsel for Plaintiff*

Richard D. Anigian
HAYNES AND BOONE, LLP
One Victory Park
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
*Counsel for Plaintiff*

Craig Crandall Reilly
LAW OFFICE OF CRAIG C. REILLY
111 Oronoco St
Alexandria, VA 22314
*Counsel for Plaintiff*

N. Thomas Connally, III
HOGAN LOVELLS US LLP
Park Place II
7930 Jones Branch Drive
McLean, VA 22102
*Counsel for Defendant International
Federation of Bodybuilding and Fitness*

J. Robert Robertson
Benjamin F. Holt
HOGAN LOVELLS US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, DC 20004
*Counsel for Defendant International*
*Federation of Bodybuilding and Fitness*

Derek Ludwin
Benjamin C. Block
Sonia Lahr-Pastor
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
*Counsel for Defendant*
*IFBB Professional League*

/s/ S. Lloyd Smith